# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD RAY RAGER,** | : | **CIVIL ACTION NO. 3:17-cv-0649** |
| | : | |
| **Plaintiff** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **P. SMITH, et al.,** | : | |
| | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Ronald Ray Rager ("Rager"), a state inmate incarcerated at the State Correctional Institution at Retreat ("SCI-Retreat"), Hunlock Creek, Pennsylvania, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on April 12, 2017. Presently pending is a motion (Doc. 23) to dismiss filed on behalf of Defendants Bureau of Health Care Services, Mataloni and Smith. For the reasons that follow, the motion will be granted.

## I. Rule 12(b)(6) Standard of Review

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 334 F. App'x 454, 456 (3d Cir. 2009) (citing Phillips v. Cnty

of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008)).  A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  Iqbal, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).  At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and

allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## II.  Allegations of Rager's Complaint

The complaint is comprised of the following allegations: "All defendant(s) are making me and everyone else live in a [sic] unsanitary living environment and they are intentionally interfering with the treatment once prescribed. I was reordered the adult diapers on 2-26-16 and the were discontinue [sic] because I refused to go for a follow up treatment and testing at SCI-Somerset." (Doc. 1, pp. 4, 5).

Also, attached to the complaint are three separate Official Inmate Grievances filed by Rager bearing #642744 (id. at 9, 12 14), an Initial Review Response by Defendant Smith (id. at 11), and the appeal responses (id. at 13, 16). Defendant Smith stated the following in her response:

> I have been assigned as the grievance officer to address your concerns regarding when you had your procedure done on 8/31/2016 by Dr. Shank. You state that the procedure made your bladder control problem worsen. You also state that since your problem got worse and before it got worse, that you were told that this is in pending litigation and without any relief you have to keep washing your underwear out 4 or 5 times a day and in the morning if you wake up and change your underwear, you end up with two pair of underwear to wash.
>
> You do not state how your problem has become worse. Upon review of your medical record, you did sign up for sick call 9/6/16 with complaints of "burning when you pee and peeing a lot more since Dr. Shank did what he did". PA-C O'Brien did a urine dipstick that day which was normal and also ordered a urinalysis and urine culture and sensitivity. This was done

9/7/16 and results were also normal. You also signed up for sick call 9/9/16 with complaints of persistent burning with urination. You were advised by PA-C O'Brien to increase your fluid intake to dilute your urine. You had a Dynamic Bladder study completed at SCI-Somerset by Dr. Shank on 8/31/16. The test was completed without any adverse reactions or complications. Normally after the test, you may feel some discomfort upon urination for a few hours. The results of this test were within normal limits and did not show either evidence of urinary incontinence or urinary retention.

As far as the remainder of your grievance and the pending litigation, your lawsuit was dismissed on 9/7/2016. Based on the above, your grievance is DENIED.

(<u>Id.</u> at 11).

Rager also attached a number of his Requests to Staff Members. (<u>Id.</u> at 18-23). On February 17, 2016, he inquired as to why he had to return his used adult diapers to the medical department. (<u>Id.</u> at 18). Defendant Mataloni responded "ask the nurse when they are issued to you." (<u>Id.</u>) On February 23, 2016, he asked why he had not been placed "on the call out" to pick up his adult diapers. (<u>Id.</u> at 19). Defendant Mataloni responded "Ordered and given." (<u>Id.</u>) On March 2, 2016, he questioned why he had not been place on call out for his medical supplies. (<u>Id.</u> at 20). Defendant Mataloni responded "On call out." On October 16, 2016, he requested information concerning the conclusion that his medical diapers were not medically indicated. (<u>Id.</u> at 23). Defendant Smith responded that "[a]n adult diaper was put on you after procedure in case of leakage and was noted by Somerset to be dry. The adult diapers that were ordered originally were discontinued when you were refusing to go for follow up treatment & testing @ Somerset." (<u>Id.</u>)

Rager is seeking a renewed prescription for adult diapers, a transfer, release, or adult plastic underwear and monetary damages.  (Id. at 5).

## III.    Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials.  See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

### A.    Bureau of Health Care Services

It is well-settled that neither a state nor its agencies, are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to a § 1983 suit.  Hafer v. Melo, 502 U.S. 21, 25-27 (1991).  Similarly, neither a prison nor a department within a prison is a person subject to suit under § 1983.  Fischer v. Cahill, 474 F.2d 991, 992 (3d

Cir. 1973). As the Bureau of Health Care Service is an arm of the Pennsylvania Department of Corrections, it is not a "person" within the meaning of 42 U.S.C. § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that a state may not be sued in federal court pursuant to § 1983, and is not a "person" for purposes of that provision). Consequently, Rager's Eighth Amendment claim against the Bureau of Health Care Services will be dismissed.

B.    Defendants Mataloni and Smith

For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Rager seeks to impose liability on Corrections Health Care Administrators Smith and Mataloni based upon their responses to his grievances and requests to staff members. It has long been recognized that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond, to a prisoner's complaint or grievance, is insufficient to establish personal involvement in the underlying unconstitutional conduct. *Rode*, 845 F.2d at 1207–08 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to

establish personal involvement); <u>Simonton v. Tennis</u>, 437 F. App'x 60, 62 (3d Cir. 2011)

("[A] prison official's secondary review of an inmate's grievance or appeal is not

sufficient to demonstrate the personal involvement required to establish the deprivation

of a constitutional right"); <u>Brooks v. Beard</u>, 167 F. App'x 923, 925 (3d Cir. 2006)

(holding that allegations that prison officials and administrators responded

inappropriately, or failed to respond to a prison grievance, did not establish that the

officials and administrators were involved in the underlying allegedly unconstitutional

conduct).

Further, Third Circuit precedent makes clear that "a non-medical prison official"

cannot "be charge[d] with the Eighth Amendment scienter requirement of deliberate

indifference" when the "prisoner is under the care of medical experts" and the official

does not have "a reason to believe (or actual knowledge) that prison doctors or their

assistants are mistreating (or not treating) a prisoner." <u>Spruill v. Gillis</u>, 372 F.3d 218,

236; <u>see</u> <u>also</u> <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993) (holding that non-

physicians cannot "be considered deliberately indifferent simply because they failed to

respond directly to the medical complaints of a prisoner who was already being treated by

the prison doctor"). Once a prison grievance examiner becomes aware of potential

mistreatment, the Eighth Amendment does not require him or her to do more than

"review[ ] ... [the prisoner's] complaints and verif[y] with the medical officials that [the

prisoner] was receiving treatment." <u>Fantone v. Herbik</u>, 528 F. App'x  123, 128 (3d Cir.

2013) (quoting <u>Greeno v. Daley</u>, 414 F.3d 645, 655–56 (7th Cir.2005) (citing Spruill, 372 F.3d at 236).).

Based on our review of the responses to Rager's grievances and requests, all indications are that Mataloni and Smith verified with medical officials that Rager was receiving treatment; there is no indication that either defendant had reason to believe that the prison doctors were either mistreating or not treating Rager, or that they inappropriately handled his grievances and requests. Accordingly, Rager's complaint against Mataloni and Smith will be dismissed.

## IV. Leave to Amend

"The obligation to liberally construe a *pro se* litigant's pleadings is well-established." <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>see</u> <u>also</u> <u>Higgs v. Atty. Gen. of the U.S.</u>, 655 F.3d 333, 339 (3d Cir. 2011) (citing <u>Estelle</u>, 429 U.S. at106). "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.*"* <u>Fletcher–Harlee Corp. v. Pote Concrete Contractors., Inc.</u>, 482 F.3d 247, 251 (3d Cir. 2007); <u>see</u> <u>also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Amendment is futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." <u>Jablonski v. Pan Am. World Airways, Inc.</u>, 863 F.2d 289, 292 (3d Cir.1988); *see also* <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000) (stating that "[i]n assessing 'futility,'

the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6).").

Affording Rager the opportunity to amend would prove futile as he cannot cure the deficiencies plaguing the theories of liability he attempts to advance against these particular defendants.[1]

V.    Conclusion

Based on the foregoing, the motion (Doc. 23) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Defendants Bureau of Health Care Services, Mataloni and Smith will be granted.

An appropriate Order will enter.

**BY THE COURT:**

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:  January 26, 2018

---

[1] Not yet ripe for disposition is a motion (Doc. 43) to dismiss the complaint filed on behalf of the medical defendants, Dr. Stanish and PA O'Brien.